OPINION
{¶ 1} Defendant-appellant, Elizabeth Dixon, appeals her conviction from the Warren County Court of Common Pleas for illegally assembling or possessing chemicals for the manufacture of drugs, endangering children, and inducing panic. We affirm appellant's conviction.
 {¶ 2} On May 27, 2007, Sergeant Aaron Zimmaro of the Springboro Police Department was on patrol when he heard on his radio a discussion among fellow police officers regarding a nearby suspicious vehicle. This vehicle, driven by appellant, was of *Page 2 
particular concern to officers because it was on a "be on the lookout" (BOLO) list due to appellant's possible drug activities.
 {¶ 3} Sgt. Zimmaro drove to the location of the suspicious vehicle and began to follow it. When appellant failed to signal while turning into a private residence, the sergeant activated his lights and initiated a traffic stop. At that point, he noticed appellant immediately jumped out of the vehicle, and while standing outside, reached into the front of the vehicle to shuffle some items around. Sgt. Zimmaro also observed appellant looking nervous and acting as though she wanted to move away from him and retreat into the residence. He also noted there was a juvenile in the front passenger seat of the vehicle.
 {¶ 4} Shortly after the sergeant briefly conversed with appellant regarding her failure to signal, Officer Nick Clark, a canine officer, arrived at the scene. While Sgt. Zimmaro was writing out a warning, Officer Clark, upon the request of the sergeant, conducted a drug sniff around the outside of the vehicle with his canine. The canine showed the officer a visible alert at the rear of the driver's side vehicle and also on appellant's purse lying on the ground next to her car. After Officer Clark indicated to the other officers present that the canine showed visible alert signals, appellant indicated she wished to speak privately with Officer Clark, her step-nephew by marriage.
 {¶ 5} As they moved slightly away from the other officers, Officer Clark asked appellant what was in her vehicle, to which she replied that there were materials to make methamphetamine inside. Officer Clark then informed Sgt. Zimmaro of the contents inside the vehicle, at which point, the sergeant advised appellant of her Miranda rights. Although no citation was ultimately issued against appellant for her failure to signal, Sgt. Zimmaro turned over the investigation to the Drug Task Force.
 {¶ 6} Following appellant's indictment, she moved the court to suppress the results of the search of her vehicle. After the hearing on October 9, 2007, the trial court denied her *Page 3 
motion. On October 17, 2007, appellant pleaded no contest to the charges, and the trial court found her guilty. Thereafter, she withdrew her plea and moved the court to reopen the suppression hearing for further arguments.
 {¶ 7} On December 19, 2007, the trial court heard new arguments and again denied appellant's motion to suppress. Appellant then reinstated her plea, and the court found her guilty on all charges and sentenced her to a total of three years in prison. Appellant now appeals her conviction, asserting two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE SEIZED FROM THE VEHICLE DRIVEN BY THE DEFENDANT AND HER STATEMENTS TO THE POLICE AFTER AN ILLEGAL STOP OF THE DEFENDANT IN VIOLATION OF HERFOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES."
 {¶ 10} Appellant first argues the Springboro police officers violated her Fourth Amendment right to be free from unreasonable searches and seizures when they "implemented a plan to create reasonable suspicion and probable cause out of routine and innocuous facts allowing the police to play their hunches and circumventing the requirements of theFourth Amendment."
 {¶ 11} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366. Consequently, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Relying on the trial court's factual findings, we then must review de novo whether the trial court has applied the *Page 4 
appropriate legal standard. State v. McNamara (1997),124 Ohio App.3d 706.
 {¶ 12} It is well-established that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment of the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson,76 Ohio St.3d 3, 1996-Ohio-431, syllabus.
 {¶ 13} R.C. 4511.39 prohibits drivers from moving right or left upon a roadway without giving an appropriate signal "unless and until such person has exercised due care to ascertain that the movement can by made with reasonable safety." Similarly, Springboro Ordinance 423.13 prohibits drivers from making a turn without the use of a turn signal and instructs drivers to signal their intention to turn not less than 100 feet traveled by the vehicle before turning.
 {¶ 14} In this case, our review of the record demonstrates the trial court had before it competent, credible evidence that appellant made a turn from a public roadway into a private driveway without using a turn signal. Sgt. Zimmaro testified he observed appellant make the turn without the use of a signal, and appellant testified that at the scene, she did not deny her failure to use the turn signal, and at one point, admitted to it. Therefore, Sgt. Zimmaro had probable cause to stop appellant, and the traffic stop was not unreasonable under theFourth Amendment.
 {¶ 15} Appellant also argues as part of the police officers' plan to circumvent the requirements of the Fourth Amendment and catch appellant with illegal drugs, they had a drug sniffing police dog immediately at the scene of a routine traffic stop. The exterior sniff by a trained narcotics dog to detect the odor of drugs, however, is not a search within the meaning of the Fourth Amendment to the Constitution, and a canine sniff of a vehicle may be *Page 5 
conducted even without the presence of such reasonable articulable suspicion during the time period necessary to effectuate the original purpose of the stop. State v. Cochran, Preble App. No. CA2006-10-023,2007-Ohio-3353, ¶ 25, quoting United States v. Place (1983),462 U.S. 696, 103 S.Ct. 2637.
 {¶ 16} Sgt. Zimmaro testified that Officer Clark walked his dog around appellant's vehicle while the sergeant was in his vehicle, running appellant's social security number through the system and preparing a written warning for the traffic offense. Once the properly trained canine alerted the officers to its detection of illegal drugs, the Springboro police then had probable cause to search the vehicle.Cochran, ¶ 25; State v. Lopez, Hamilton App. No. C-050088,2006-Ohio-2091, ¶ 22.
 {¶ 17} Accordingly, in viewing the entire stop under the totality of the circumstances, we conclude the trial court did not err in denying appellant's motion to suppress on the basis the stop and subsequent search did not violate the Fourth Amendment. Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE SEIZED FROM THE VEHICLE DRIVEN BY THE DEFENDANT AND HER SUBSEQUENT STATEMENTS BECAUSE THE ACTIONS TAKEN BY THE POLICE IN THIS CASE WERE IN VIOLATION OF THE DUE PROCESS RIGHTS OF THE DEFENDANT."
 {¶ 20} Appellant again argues there was no lawful cause to stop and detain her, and if there was a prima facie case of probable cause to arrest her or search her car, the police department "artificially manufactured" it.
 {¶ 21} As previously discussed, Sgt. Zimmaro had probable cause to stop appellant when she failed to properly signal prior to turning into a private driveway. Thereafter, the officers had probable cause to search appellant's vehicle when the canine alerted the officers *Page 6 
during the lawful drug sniff. Moreover, appellant voluntarily asked to speak with Officer Clark, and voluntarily admitted that she had in her car materials to manufacture methamphetamine. Her own admissions also gave the officers probable cause to search the vehicle.
 {¶ 22} Although appellant contends that evidence flowing from an illegal stop, detention, or arrest cannot be used to convict her, our review of the record indicates the stop initiated against appellant was not illegal and did not violate her Fifth Amendment right to due process. We further conclude the trial court did not err in denying her motion to suppress. Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
 BRESSLER and YOUNG, JJ., concur. *Page 1